```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


VERNON KING, JR.,                §
TDCJ-CID #590316,                §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-10-0238
                                 §
EXECUTIVE DIRECTOR BRAD          §
LIVINGSTON, et al.,              §
                                 §
          Defendants.            §
```

## MEMORANDUM OPINION AND ORDER

Vernon King, Jr., a TDCJ-CID inmate with a history of frivolous prisoner lawsuits, has filed another civil rights complaint along with a motion seeking permission to proceed _in forma pauperis_ despite being barred under the Three Strikes Rule of 28 U.S.C. § 1915(g). Having reviewed King's allegations, the court has determined that the motion should be denied and that this action should be dismissed.

King has filed numerous prisoner civil rights complaints and appeals, at least three of which have been dismissed as frivolous. See _King v. Pace_, No. 97-40834 (5th Cir. Feb. 10, 1998). In response to King's prison litigation history, the United States Court of Appeals has barred him from proceeding as a pauper "in any civil action or appeal while he is in prison unless he is under imminent danger of serious physical injury." _Id._, _citing_ 28 U.S.C.

§ 1915(g).  See also King v. Turner, 97-40832 (5th Cir. Feb. 10, 1998).  The United States District Court for the Western District of Texas has ordered King to pay $120.00 for his willful failure to comply with court orders and barred King from initiating any new civil rights action until he paid the court-ordered sanction.  King v. Dowdy, No. 6:95cv368 (W.D. Tex. Mar. 27, 1996).  The docket record for that proceeding does not indicate that King has paid the sanction.  Id.

Aside from the Western District's Order requiring payment of sanctions before filing another complaint, King is barred from proceeding in forma pauperis as a prisoner unless he shows that he is in imminent danger of serious physical harm.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  "'Imminent' dangers are those dangers which are about to occur at any moment or are impending."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001), citing Webster's II New Riverside University Dictionary 611 (1984).  Therefore, the "imminent danger" exception to the Three Strikes Rule restricting prisoner eligibility for in forma pauperis status only applies when danger of serious physical injury exists at the time the complaint is filed.  Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002).

King alleges that he was injured in a slip-and-fall accident in the shower on April 15, 2009, while he was incarcerated at the Darrington Unit near Angleton, Texas.  He is now at the Alfred Hughes Unit located near Gatesville, Texas.  The two units are

separated by more than 200 miles.  See www.mapquest.com.  The length of time from the alleged violation to the filing of King's pleading together with the distance between the two prison units lead the court to conclude that King is not in any immediate danger.  Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (a prisoner with three strikes is entitled to proceed with his action only if he is in imminent danger at the time the suit is filed rather than at the time of the incident).

The records and pleadings indicate that King is not entitled to an exception to the § 1915(g) bar imposed for his past frivolous litigation.  See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  Therefore, the Application to Proceed In Forma Pauperis will be denied, and this action will be dismissed as barred under § 1915(g).  King's Motion for Injunctive Relief and Production of Documents (Docket Entry No. 6) will also be denied.  See Schultea v. Wood, 47 F.3d 1427, 1436 (5th Cir. 1994) (concurring opinion).

King has previously filed a civil rights complaint regarding the slip-and-fall incident at the Darrington Unit.  King v. Livingston, No. G-09-79 (May 26, 2009).  That action was dismissed pursuant to 28 U.S.C. § 1915(g).  Id.  His repeat filing of a complaint that is clearly barred is a malicious attempt to abuse the judicial system and therefore is subject to dismissal under 28 U.S.C. § 1915(e) as well as 28 U.S.C. § 1915(g).  See Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989).  King is admonished that he may be subject to

more stringent sanctions if he persists in filing pleadings which serve no purpose other than to harass the courts, and further deterrent action by the court is necessary. See <u>In re McDonald</u>, 109 S.Ct. 993 (1989).

### Conclusion

The court **ORDERS** the following:

1. The plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

2. This Prisoner Civil Rights Complaint (Docket Entry No. 1), filed by Vernon King, Jr., TDCJ-CID No. 590316, is **DISMISSED with prejudice**. 28 U.S.C. § 1915(e)(2)(B)(I); 28 U.S.C. § 1915(g).

3. The plaintiff's Motion for Injunctive Relief and Production of Documents (Docket Entry No. 6) is **DENIED.**

4. The plaintiff is **ADMONISHED** that additional sanctions may be imposed if he persists in filing frivolous pleadings.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order dismissing this action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 25th day of February, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE